### No. 781

### ASSOCIATED CON. & DEAL v. BETTER BUS. COMM.

No. 19307. Supreme Court.

On motion to certify. Dock. Aug. 5, 1925; 3 Abs. 499.

677. JUDGMENT AND DECREES—Should dismissal of parties as individuals from suit, result in final order of judgment, where several judgment would not be proper?

The Associated Consumers & Dealers brought an action in libel against the Better Business Commission in the Lucas Common Pleas and sought to recover damages. The Consumers and Dealers was a partnership whose purpose was to bring the buying public and retail dealers into closer relation. It ad-

vertised the merchandise of the dealers and the public were given certificates specifying where certain commodities might be bought at the face value on the certificates, where a discount ranging from 1% to 15% was obtained by the consumers.

It is claimed the Better Business Commission wrongfully and maliciously caused to be published a libel characterized as follows: "Investigate before you invest. Get the facts we have in our files on the Associated Consumers & Dealers." By reason of this, it is claimed contracts have been cancelled and those entered into have withdrawn therefrom so that the business is no longer prosperous but completely destroyed. The Common Pleas dismissed the petition and the judgment was affirmed by the Court of Appeals, it also holding that the Better Business Commission being an unincorporated association could not be sued.

The case is pending in the Supreme Court, and it is contended: "That any company or association of persons formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property within the State of Ohio, and not incorporated as such, may sue or be sued in any of the courts of this state, by such usual or ordinary name as such company, partnership or association may have assumed to itself or be known by."

It is contended that the Court of Appeals erred in holding that the dismissal from the suit of the president and secretary of the Better Business Commission was such a final order as deprived the Consumers & Dealers of its rights against either of them or the Commission. It is claimed that the Court of Appeals could not, under 11584 GC., make any final order or render any final judgment through dismissal or otherwise, inasmuch as no several judgment in this case would be proper. Aucker v. Adams, 23 OS. 543.

Attorneys—Eldon H. Young and Benjamin F. James for Consumers & Dealers; Percy R. Taylor for Commission; all of Toledo.